FIRST JUDICIAL DISTRICT, STATE OF IDAHO
KOOTENAI COUNTY
SMALL CLAIMS DEPARTMENT

Bryan D. Crabtree,
PLAINTIFF,
vs.

Midland Credit Management, Inc., Corporation,
DEFENDANT.

FILED 1/31/14 AT 1057 .M
CLERK OF THE DISTRICT COURT
BY _____, Deputy

CASE NO. CV14-1097
ISTARS ROA CODE: CAI15

**CLAIM**

$_____ Claim
$_____ Filing Fee
$_____ Service Fee
$_____ Another Notice
$_____
$_____ TOTAL

| | | |
|---|---|---|
| Bryan D. Crabtree, | 612 W 12th Ave Post Falls, Idaho 83854 | (208) 773-1459 |
| Midland Credit Management, Inc., Corporation | ~~8875 Aero Dr. STE 200 San Diego, California 92123~~ 12550 W. Explorer Dr. STE 100 Boise, Id. 83713 | (800) 825-8131 |

If you are seeking a judgment for money, fill out this portion.

AMOUNT OF CLAIM: $2,000.00 (not including filing and service fees)

DATE CLAIM AROSE: February 2012 (month and year)

BASIS FOR YOUR CLAIM: Violation of Fair Debt Collection Practices

Service of process by certified mail requested:  ( X ) Yes   ☐ No

BY SIGNING THIS CLAIM, THE PLAINTIFF VERIFIES THAT

1) the plaintiff is the true owner of the claim,

2) the claim arose in Kootenai County and

3) the information above is true and correct to the plaintiff's best knowledge.

_Bryan Crabtree_
Signature (Plaintiff or Employee of Plaintiff)

Subscribed and sworn to before me 1/31/14
(date)

_Susan McCoy_
Deputy Clerk or Notary Public
If Notary, my commission expires:

EXHIBIT A

## INFORMATION SHEET FOR DEFENDANTS IN SMALL CLAIMS CASES

The person who files a claim in small claims court is called the *plaintiff*. The person the claim is filed against is called the *defendant*. This is a short information sheet for defendants in small claims cases. You can ask the court clerk for a free booklet, called "Information for Defendants in Small Claims Cases" that has much more detailed information. You can also download the booklet off the internet at http://www2.state.id.us/judicial/.

If you need more information than what is provided in this information sheet or in the booklet, you should talk to a lawyer. The *court clerk cannot give you any information that is not already covered in this information sheet and the free booklet*.

### A. IF YOU AGREE WITH THE PLAINTIFF'S CLAIM, OR IF YOU DON'T WANT TO CONTEST THE PLAINTIFF'S CLAIM

You were given a copy of the plaintiff's claim, a summons, and a form for your answer to the claim. *If you agree with the plaintiff's claim, or if you don't want to contest the plaintiff's claim, then you do NOT have to file the answer*.

If you do not file an answer, the judge may give the plaintiff a *default judgment*. The judgment cannot be for more than the plaintiff asked for in the claim, plus the cost the plaintiff paid to file the claim and to give you notice of the claim.

If the judge gives the plaintiff a default judgment, you must pay the judgment promptly. If you do not pay the judgment promptly and in full, there are ways the plaintiff can collect on the judgment. There is more information about paying a judgment, and collecting on judgments, later in this information sheet.

If the judge gives the plaintiff a default judgment, you can ask the court to set aside a default judgment, which the court will do in some circumstances. If you want to ask the court to set aside a default judgment, you need to do it promptly. There is more information about setting aside default judgments in the free booklet that is available from the court clerk.

You and the plaintiff can talk to each other to try to settle the plaintiff's claim at any time before the court enters a judgment. There is more information about settlement later in this information sheet.

### B. IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIM, AND IF YOU WANT TO CONTEST THE PLAINTIFF'S CLAIM

#### 1. Filing Your Answer to the Claim

You were given a copy of the plaintiff's claim, a summons, and a form for your answer to the claim. If you disagree with the plaintiff's claim, and want to contest the claim, you must complete the answer form and file it with the court clerk by the deadline stated in the summons.

The form must be filled out with a typewriter or printed in black ink. You must fill out the form completely. You can file your answer by taking it to the court clerk's office, or by mailing it to the court clerk's office. If you mail it, you must mail it in time for the court clerk to receive it by the deadline stated in the summons. You do not have to pay a fee to file your answer.

#### 2. The Hearing on a Contested Claim

After you file your answer, the court clerk will schedule your case for a contested claim hearing. The court clerk will mail you and the plaintiff a notice with the date and time for the hearing.

At the hearing, the judge will ask the plaintiff to explain why you should pay the money the plaintiff is asking for, and the reasons for the amount of money the plaintiff is asking for. The judge will ask you to explain why you disagree with the claim.

Sometimes the plaintiff and the defendant disagree about the facts of the case. Sometimes one party is not telling the truth. Sometimes both parties are telling the truth as they see it, but they see or remember things differently.

When the plaintiff and the defendant disagree about the facts of the case, it is important for you to be prepared to give the judge *evidence* to prove your claim. There are two basic types of evidence - *witness testimony* and *exhibits*.

When you tell the judge about something that happened, you are a witness giving testimony.

There may be other people who saw or heard something that happened that is important to your case. There are two ways you can offer what another person has to say at the hearing. One is to have the witness come to the hearing to tell the judge what the witness saw or heard. The other way is to have the witness write a statement, and bring the statement to court with you. A witness in court is usually more convincing than a written statement.

If there is an issue in your case about whether services were properly rendered, it is likely that you will need a statement or testimony from an *expert witness*. An expert witness is someone who has training or experience in the plaintiff's profession.

For example, the plaintiff's claim may be that you failed to pay for repairs to your car. Your position may be that you took your car to the plaintiff to have it fixed, but the car still isn't running right. You may need someone with training or experience in fixing cars, to tell the judge: a) if the mechanic did what a properly trained and experienced mechanic should have done to diagnose and repair the problem, b) what is wrong with your car now, and c) whether the problem with your car now is the result of something the mechanic did wrong.

Exhibits are things that may help prove your case. The most common types of exhibits are documents and photographs, but an exhibit can be anything that is useful to support your claim.

You should bring any exhibits that may help prove your case to the hearing. For example:

If your case is about a written contract, you should bring all of the contract papers.

If the plaintiff claims that you failed to pay money that you owed, and if your position is that you paid the money that was owed, you should bring your receipts or cancelled checks.

If there is an issue in your case about the condition of property, photographs of the property can be very useful.

If there is an issue in your case about the cost or value of property or repairs to property, estimates and receipts can be very useful.

If your exhibit is a tape recording, you should bring a tape player to the hearing to play the tape. If your exhibit is a VHS video recording, you must call the court clerk's office before the day of your hearing, so that the court clerk can arrange to have a video player in the courtroom for the hearing.

#### 3. Counterclaims

If you have a claim that the plaintiff owes you money, or that the plaintiff has property that belongs to you, then your claim is a *counterclaim*. If you want the judge to consider your counterclaim, then you must file your own claim against the plaintiff.

For example, a plaintiff might file a claim saying that the plaintiff loaned you $1000.00 that you didn't pay back. Your defense might be that you only owe the plaintiff $500.00, because there was another time when you loaned the plaintiff $500.00 that the plaintiff did not pay back. The judge won't consider your claim about the $500.00 loan to the plaintiff unless you file your own claim against the plaintiff.

You can file a claim in small claims court for up to $5000.00. The court clerk can provide you with information about filing a claim in small claims court.

#### 4. Rescheduling Your Hearing

If there is an urgent reason why you cannot be in court on the day of your hearing, you can make a written request to the judge to reschedule your hearing. The court clerk has a form called a motion to continue that you can use for this purpose. You should file your written request with the court clerk at least two weeks before your hearing.

#### 5. What Happens if You Don't Come to the Hearing

If you don't come the hearing, the judge may give the plaintiff a default judgment, the same as if you don't file an answer (see Part A, above).

#### 6. Appearing in Court for Hearings

a. Interpreters. If you or one of your witnesses will need an interpreter at your hearing, you must call the court clerk prior to the day of your hearing to ask for an interpreter. You do not have to pay for an interpreter. Generally, a friend or relative will not be allowed to interpret for you.

EXHIBIT A

b. **Attorneys.** You can talk to an attorney before or after your hearing to get information or advice. The attorney cannot appear with you in court.

c. **Courtroom Behavior.** When you come to court, you should be courteous to the judge, the court clerks, and other people in the courtroom, including the plaintiff. Do not bring children with you unless they are old enough to stay in their seats and sit quietly. While court is in session and you are waiting for your case to be called, do not visit with other people around you. Do not bring cell phones or pagers into the courtroom unless they are turned off. Do not bring food or drink into the courtroom.

### 7. Appeals

If the judge enters judgment in favor of the plaintiff, then you can file an appeal. If the judge enters judgment in your favor, or if the judge enters judgment for the plaintiff for less than the plaintiff asked for, the plaintiff can appeal.

If you want to appeal the judgment, you must file a notice of appeal with the court clerk. The court clerk has a form for you to use. You must file your notice of appeal within 30 days after the judgment is entered. The deadline will not be extended for any reason. You must also pay a $53 filing fee. The court clerk will schedule a hearing on your appeal, and mail a notice to you and the plaintiff with the date and time for the hearing on your appeal.

On appeal, the case is assigned to a different judge for a new hearing. The parties may be represented by lawyers. The Idaho Rules of Civil Procedure and Rules of Evidence apply, so the procedures are more formal, and the judge will not allow evidence to be presented that does not comply with the rules.

One of the most important of these rules is the *hearsay evidence rule*. When you tell the judge something that someone other than the defendant told you, that is *hearsay*. When someone other than the plaintiff says something in writing, that is *hearsay*. Generally, hearsay evidence is not allowed in hearings on appeal. There are some exceptions when a judge can allow it. Usually, for a judge to allow hearsay evidence, the person offering it has to provide other information to convince the judge that the hearsay evidence is reliable.

### C. MORE INFORMATION

#### 1. Settlement

You and the plaintiff can talk to each other to try to settle the case at any time before the court enters a judgment. Generally, settlement negotiations are confidential - in other words, the judge will not consider anything the parties say to each other during settlement discussions as evidence in the case. The reason for this rule is to encourage the parties to talk to each other openly to try to resolve the case. If you and the plaintiff reach an agreement, the judge will enter a judgment based on your agreement.

- If you have agreed to settle out of court (if you and the plaintiff have agreed to settle things between yourselves and don't need a judgment from the court), the judge will dismiss the plaintiff's claim.

- If you and the plaintiff have agreed that there are things one or both of you will do later that will resolve the claim, you should put your agreement in writing, and you should both sign and date the agreement. The judge will dismiss the claim *without prejudice*, which means that the plaintiff can refile the claim later if you don't do what you and the plaintiff have agreed.

- If you and the plaintiff have agreed that the plaintiff is not entitled to a judgment, the judge will dismiss the claim *with prejudice*, which means that the plaintiff cannot refile the claim later.

- If you and the plaintiff agree that the plaintiff is entitled to judgment, and you agree about the amount of money you should pay the plaintiff, then the judge will enter judgment in favor of the plaintiff for the amount you have agreed on.

Some counties have started a new program called *mediation*. In mediation, you and the plaintiff meet with a mediator, who will help you and the plaintiff to try to settle your case. The mediator does not decide the case - it is up to each party to decide whether they want to agree to a settlement. If you file an answer contesting the plaintiff's claim, the judge in your county may require you and the plaintiff to go to mediation. If mediation is required in your county, the court clerk can give you more information.

#### 2. Paying the Judgment, and Satisfaction of Judgment

If the judge enters a judgment in favor of the plaintiff (after default, after a contested claim hearing, or after a judgment on appeal), you are required to promptly pay the amount of money stated in the judgment. Payment is made to the plaintiff, not the court. You should make the payment in a way that gives you proof that you paid the full amount to the plaintiff, such as a cancelled check, or a money order sent by certified mail.

After you pay the judgment, the judgment is satisfied. After you have satisfied the judgment, the plaintiff must file a *satisfaction of judgment* with the court clerk. If you satisfy the judgment and the plaintiff does not file a satisfaction of judgment, you may have a claim against the plaintiff for any damages you incurred because of the plaintiff's failure to file a satisfaction of judgment.

#### 3. Collection on Judgments and Exemptions from Collection

If the judge enters a judgment in favor of the plaintiff, and you do not satisfy the judgment, there are ways the plaintiff can collect on the judgment - also known as *execution* on the judgment.

If the judgment was a default judgment, the plaintiff can execute on the judgment immediately. If the judgment is not a default judgment, the plaintiff must wait until the 30-day appeal period is over. If no appeal is filed, the plaintiff can execute on the judgment immediately after the appeal period is over. If an appeal is filed, the plaintiff cannot execute on the judgment that was issued in small claims court - but if the plaintiff gets a judgment in the plaintiff's favor on appeal, the plaintiff can execute on the judgment on appeal.

If you do not pay the judgment in full, there are four ways the plaintiff can execute on the judgment.

- The plaintiff can garnish your wages. (When your wages are garnished, your employer withholds part of your paycheck, and pays the money to the sheriff, who pays it to the plaintiff.

- The plaintiff can attach your bank account(s). When your bank account is attached, the bank pays the money you have in your account to the sheriff, who pays it to the plaintiff.

- The plaintiff can attach your personal property. When your personal property is attached, the sheriff takes the property, sells it at auction, and gives the proceeds to the plaintiff. (Personal property is property other than land or buildings.)

- The plaintiff can file a lien against real property, and foreclose on the lien. (Real property is land or buildings; foreclosure is the process for selling the property to pay the judgment lien.)

You can also be ordered to come to court for a debtor's examination, so that the plaintiff can find out what you have that can be used to pay the judgment. If you do not come to court for the examination, you can be held in contempt, and a warrant can be issued for your arrest.

If the plaintiff executes on the judgment by garnishing wages, or attaching your bank accounts or other personal property, the sheriff will serve you with copies of the plaintiff's execution papers.

If the sheriff serves you with execution papers, you can avoid having your wages garnished or your personal property seized by paying the sheriff the amount of money you owe. The amount of money you owe will include any fees the plaintiff paid the court clerk or the sheriff to execute on the judgment, and these amounts will be stated on the execution papers.

The sheriff will also serve you with a notice that contains important information about your legal rights. There are some types of money or property that are exempt, and can't be taken to satisfy the judgment. The legal notice has more information about the types of money or property that are exempt.

If exempt money or property is garnished or attached, there are steps you must follow to file a claim of exemption with the sheriff. The legal notice has information about how to file a claim of exemption.

#### 13. More Information

The court clerk has a free booklet, called "Information for Defendants in Small Claims Cases," that has much more information about small claims cases. If you need more information than what is provided in this Information sheet or in the booklet, you should talk to a lawyer. *The court clerk cannot give you any information that is not already covered in this information sheet and the free booklet.*

Small Claims Defendants Information Sheet - 5/13/09

EXHIBIT A

# Case Number Result Page

### Kootenai

**1 Cases Found.**

**Bryan D Crabtree vs. Midland Credit Management Inc**

Case: **CV-2014-0001097** Magistrate Filed: **01/31/2014** Subtype: **Small Claims** Judge: **To Be Assigned** Status: **Pending**

Defendants: **Midland Credit Management Inc**
Plaintiffs: **Crabtree, Bryan D**

Register Date of actions:

| Date | Action |
|---|---|
| 01/31/2014 | New Case Filed - Small Claims |
| 01/31/2014 | Filing: C- Small Claims Paid by: Crabtree, Bryan D (plaintiff) Receipt number: 0004145 Dated: 1/31/2014 Amount: $49.00 (Credit card) For: Crabtree, Bryan D (plaintiff) |
| 01/31/2014 | Filing: Technology Cost - CC Paid by: Crabtree, Bryan D (plaintiff) Receipt number: 0004145 Dated: 1/31/2014 Amount: $3.00 (Credit card) For: Crabtree, Bryan D (plaintiff) |
| 01/31/2014 | Miscellaneous Payment: Small Claims Certified Mail Fee Paid by: Bryan Crabtree Receipt number: 0004146 Dated: 1/31/2014 Amount: $12.00 (Cash) |
| 01/31/2014 | Small Claims Form CAO SC 1-2 |
| 01/31/2014 | Summons Issued |
| 02/03/2014 | Certificate Of Mailing Small Claims to Defendant ******7012 3460 0000 3263 5969****** |
| 02/07/2014 | Return Certificate 7012 3460 0000 3263 5969 (Received 2/5/14 Agent M. Dickson) |
| 02/27/2014 | Small Claims Letter Regarding Competency-Military-Amount Due |

*Connection: Public*

**EXHIBIT B**